UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSSANO REA,

    Plaintiff,

vs.

WELLS FARGO HOME
MORTGAGE, INC., d/b/a, AMERICA'S
SERVICING COMPANY, A Foreign
Banking Corporation, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. A Foreign Corporation, and HSBC
BANK USA, N.A., A Foreign Banking
Corporation,

    Defendants.

Case No. 09-cv-12611

Hon. David M. Lawson
Magistrate Judge Paul J Komives

| Curtis R. Willner (P48010) | Matthew J. Boettcher (P40929) |
|---|---|
| Attorney for Plaintiff | Charity A. Olson (P68295) |
| 28004 Center Oaks Court, | PLUNKETT COONEY |
| Suite 101 | Attorneys for Defendants |
| Wixom, MI  48393 | 38505 Woodward Ave., Suite 2000 |
| (248) 912-0711 | Bloomfield Hills, MI  48304 |
| curtwillner@yahoo.com | (248) 901-4035 |
| | (248) 901-4018 |
| | colson@plunkettcooney.com |

**DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION FOR
INJUNCTION PURSUANT TO FED. RULE CIV. PROC. 65(a) AND TEMPORARY
RESTRAINING ORDER PURSUANT TO FED. RULE CIV. PROC. 65(b)**

**TABLE OF CONTENTS**

STATEMENT OF ISSUE PRESENTED……………………….………………………..3

MOST CONTROLLING AUTHORITIES………………………………….................4

I.     INTRODUCTION..………………………………………………………………….5

II.    STATEMENT OF FACTS………………………………………………………...5

III.   ARGUMENT………………………………………………………………………...6

        A. The Anti-Injunction Act Precludes The Court From Enjoining State
           Foreclosure Proceedings……………………………………………………………6
        B. Plaintiff Has Failed To Satisfy His Burden Of Proving That Injunctive
           Relief Is Proper……………………………………………………………………..8

             1.  Plaintiff Has Failed to Establish a Strong Likelihood of Success
                 On The Merits…………………………………………………………….8
             2.  Plaintiff Has Not Established Irreparable Harm……………………...11
             3.  Plaintiff Has Failed To Establish That The Balance Of Equities
                 Weighs In Favor Of An Injunction…………………………………………12
             4.  Plaintiff Has Failed To Establish That The Public Interest Will Be
                 Served By The Requested Injunction……………………………….. 13

IV.   CONCLUSION AND REQUESTED RELIEF……………………………………..13

## STATEMENT OF ISSUE PRESENTED

Should the Court deny Plaintiff's request for injunctive relief because such relief is precluded by the Anti-Injunction Act and Plaintiff has failed to establish a substantial likelihood of success on the merits or irreparable harm thereby making injunctive relief improper?

    Defendants answer: Yes

## MOST CONTROLLING AUTHORITIES

**Cases**

*Cragin v. Comerica Mortgage Co.,* 69 F.3d 537, 1995 WL 626292 (6th Cir. 1995) 28 U.S.C. § 2283……………………………………………………………………….7
*Crown Technology Park v. D & N Bank,* 242 Mich. App. 538, 551; 619 N.W.2d 66, 72 (2000) 9
*Gonzales v. National Bd. Of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000)............................ 8
*Leary v. Daeschner*, 228 F. 3d 729, 739 (6th Cir. 2000) .................................................................. 8
*Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir.2004) ....................................... 6
*McPherson v. Michigan High School Athletic Ass'n*, 119 F. 3d 453, 459 (6th Cir. 1997) (*en banc*) ...................................................................................................................................................... 8
*Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. E.F. Hutton & Co., Inc.,* 403 F. Supp. 336, 343 (E.D. Mich. 1975)……………………………………………………………..11
*Michigan State AFL-CIO v. Miller*, 103 F. 3d 1240, 1249 (6th Cir. 1997) .................................... 8
*Morris v. Lomas and Nettleton Co.,* 708 F. Supp. 1198 (D. Kan. 1989) ...................................... 12
*Overstreet v. Lexington-Fayette Urban County Government*, 305 F. 3d 566, 573 (6th Cir. 2002). 8
*Schwartz v. Ruehs*, 348 Mich. 680, 683 (1967) ............................................................................ 12
*Smith v. Encore Credit Corp.*, 2008 WL 5169683 at *7 (N.D. Ohio 2008)………………………7
*Tropf v. Fidelity National Title Insurance Company,* 289 F.3d 929, 941-42 (6th Cir. 2002)……..7
*Wagner Elec. Corp. v. Hydraulic Brake Co.,* 269 Mich. 560, 565 (1934) .................................. 12

**Statutes**

28 U.S.C. § 2283.................................................................................................................... 6, 7,
MCL § 566.132(2)……………………………………………………………………   8, 9, 10, 11
MCL § 566.132(3)…………………………………………………………………………………10
MSA 26.922(2)……………………………………………………………………………………..10

**Rules**

Fed.R.Civ.Proc 65(a)…………………………………………………… …………………………8

Defendants, Wells Fargo Bank, N.A., f/k/a Wells Fargo Home Mortgage, Inc., d/b/a America's Servicing Company ("Wells Fargo"), Mortgage Electronic Registrations Systems, Inc., and HSBC Bank USA, N.A. ("HSBC") (collectively, "Defendants"), by their attorneys, Plunkett Cooney, for their Response Opposing Plaintiff's Motion for Preliminary Injunction Pursuant to Fed. Rule Civ. Proc. 65(a) and Temporary Restraining Order Pursuant to Fed. Rule Civ. Proc. 65(b), state as follows:

## I.   INTRODUCTION

The instant case represents a last ditch effort by Plaintiff to stall and delay expiration of the statutory redemption period following completion of a legally proper sheriff's sale arising from Plaintiff's undisputed mortgage default. Despite Plaintiff's own acknowledgement that he: (a) defaulted on the mortgage as a result of non-payment; (b) did not have the requisite funds to reinstate the mortgage; and (c) does not have the requisite funds to redeem the property prior to the expiration of the statutory redemption period, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order improperly seeks extension of the statutory redemption period and an injunction barring transfer of the property on the basis of personal hardship. For all of the reasons that follow, Plaintiff's motion should be denied.

## II.   STATEMENT OF FACTS[1]

On or about March 13, 2007, Plaintiff, Rossano Rea ("Plaintiff"), executed a promissory note and mortgage in favor of Morgageit, Inc., against the real property located at 519 West Maplehurst Street, Ferndale, Michigan. Complaint, ¶ 11 and Exhibit A therein. The promissory note and mortgage were subsequently assigned to HSBC. *Id*., at 22. Wells Fargo d/b/a ASC was the loan servicer for the mortgage.

---

[1] These facts are taken from Plaintiff's Complaint and are assumed to be true for purposes of Plaintiff's Motion.

In late 2008, Plaintiff's business experienced a significant decline in revenue which caused Plaintiff's mortgage to fall into arrears. *Id.*, at ¶ 17, 18. On October 21, 2008, Plaintiff telephoned Wells Fargo and/or ASC to request that they lower his monthly mortgage payments. *Id.*, at ¶ 19. Following this call, ASC sent Plaintiff correspondence regarding mitigation options that might be available to Plaintiff provided Plaintiff completed and returned the enclosed documentation necessary to evaluate Plaintiff's current situation. *Id.*, and Exhibit C therein.

On or about December 3, 2008, Plaintiff received written notice from ASC's counsel that Plaintiff's loan balance had been accelerated pursuant to the terms and conditions of the mortgage. *Id.*, at ¶ 20. On December 5, 2008, pursuant to the terms and conditions of the mortgage, HSBC published a Notice of Foreclosure Sale setting a sheriff's sale of the property for January 6, 2009. Id., at ¶ 22 and Exhibit E therein. Several weeks later, on December 17, 2008, Plaintiff's counsel sent correspondence to ASC's counsel regarding reinstatement of the mortgage. *Id.*, at ¶ 26 and Exhibit F therein. The following day, ASC's counsel forwarded the requested reinstatement quote. *Id.*, at ¶ 27 and Exhibit G therein. On December 23, 2008, Plaintiff's counsel advised ASC's counsel that "my client does not have available funds in an amount sufficient to pay the reinstatement amount." *Id.*, at ¶ 28 and Exhibit H.

On February 3, 2009, the property was sold at sheriff's sale with HSBC as the high bidder. Complaint, Exhibit O. The six month statutory redemption period expires on August 3, 2009. On June 17, 2009, Plaintiff filed a two count Complaint in Oakland County Circuit Court alleging Breach of Contract & Duty of Good Faith & Fair Dealing (Count I) and Promissory Estoppel (Count II). Defendants timely removed the matter to this Court.

### III.   ARGUMENT

### A. The Anti-Injunction Act Precludes The Court From Enjoining State Foreclosure Proceedings

The Anti-Injunction Act, 28 U.S.C. § 2283, provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court unless the injunction falls within one of three specifically defined exceptions." *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004). The three exceptions are: (1) where Congress expressly authorizes an injunction, (2) where an injunction is necessary in aid of the court's jurisdiction, or (3) where an injunction is necessary to protect or effectuate the court's judgments. *Id*. Significantly, "[o]nce the Anti-Injunction Act defense is raised, the party pursuing the injunction bears the burden of establishing that the injunction falls within one of the exceptions." *Smith v. Encore Credit Corp.*, 2008 WL 5169683 at *7 (N.D. Ohio 2008).

"The Supreme Court has held that 'proceedings' for the purposes of the Act include 'all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process.'" *Tropf v. Fidelity National Title Insurance Company*, 289 F.3d 929, 941-42 (6th Cir. 2002). "Such proceedings include," for example, "the foreclosure of a mortgage." 19 FED. PROC., L. ED. § 47:103 (citing *Nixon v. Individual Head of St. Joseph Mortgage Co., Inc*. 612 F. Supp. 253 (N.D. Indiana 1985); see also *Cragin v. Comerica Mortgage Co.*, 69 F.3d 537, 1995 WL 626292 (6th Cir. 1995) ("28 U.S.C. § 2283 generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts.")).

Plaintiff's motion improperly requests entry of an injunctive order extending the statutory redemption period and enjoining transfer of the property during the pendency of this action. This is precisely the type of request that §2283 was intended to preclude. Plaintiff is plainly requesting that this Court enjoin continuation of the state foreclosure process which has already

7

begun – as set forth in the sheriff's deed of record - and which concludes upon expiration of the statutory redemption period which will expire on August 3, 2008.  Such extraordinary action is neither expressly authorized by Congress or necessary to aid the court's jurisdiction.  Moreover, the Court has not issued a judgment in this matter and, thus, there is no judgment to protect or effectuate.

On this basis, alone, Plaintiff has not and cannot met his burden of establishing that the requested injunction falls within one of the enumerated exceptions set forth in § 2283. Accordingly, Plaintiff's motion should be denied as a matter of law.

### B.     Plaintiff Has Failed To Satisfy His Burden Of Proving That Injunctive Relief Is Proper

Assuming *arguendo* that Plaintiff's request for injunctive relief is not precluded by the Anti Injunction Act, Plaintiff has not established that he is otherwise entitled to injunctive relief pursuant to Fed. R. Civ. Proc. 65(a).  A preliminary injunction is an extraordinary remedy that should only be granted in the most compelling cases.  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  To determine whether a preliminary injunction should issue, the Court should weigh four factors:  (1) whether the moving party has demonstrated a strong likelihood of success on the merits; (2) whether the moving party will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other interested parties (including defendant); and (4) whether the public interest would be served by the issuance of the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). The moving party bears the burden of demonstrating their entitlement to a preliminary injunction and their burden is a heavy one.

begun – as set forth in the sheriff's deed of record - and which concludes upon expiration of the statutory redemption period which will expire on August 3, 2008.  Such extraordinary action is neither expressly authorized by Congress or necessary to aid the court's jurisdiction.  Moreover, the Court has not issued a judgment in this matter and, thus, there is no judgment to protect or effectuate.

On this basis, alone, Plaintiff has not and cannot met his burden of establishing that the requested injunction falls within one of the enumerated exceptions set forth in § 2283. Accordingly, Plaintiff's motion should be denied as a matter of law.

### B.     Plaintiff Has Failed To Satisfy His Burden Of Proving That Injunctive Relief Is Proper

Assuming *arguendo* that Plaintiff's request for injunctive relief is not precluded by the Anti Injunction Act, Plaintiff has not established that he is otherwise entitled to injunctive relief pursuant to Fed. R. Civ. Proc. 65(a).  A preliminary injunction is an extraordinary remedy that should only be granted in the most compelling cases.  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  To determine whether a preliminary injunction should issue, the Court should weigh four factors:  (1) whether the moving party has demonstrated a strong likelihood of success on the merits; (2) whether the moving party will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other interested parties (including defendant); and (4) whether the public interest would be served by the issuance of the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). The moving party bears the burden of demonstrating their entitlement to a preliminary injunction and their burden is a heavy one.

### 1. Plaintiff Has Failed to Establish a Strong Likelihood of Success On The Merits

Although no one factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often times a predominate consideration. *Gonzales v. National Bd. Of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("…a finding that there is simply no likelihood of success on the merits is usually fatal."); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed."). In this instance, Plaintiff's breach of contract and promissory estoppel claims are barred under the statute of frauds. Accordingly, Plaintiff cannot show any likelihood of success on the merits and Plaintiff's motion should be denied.

Plaintiff's assertion that HSBC and/or Wells Fargo were precluded from proceeding with the foreclosure sale in the face of Plaintiff's admitted inability to reinstate the mortgage and in the absence of a signed, written agreement by Defendants to further forbear from exercise of the remedies expressly provided for within the mortgage is without merit. It is well-established law that the agreement of the parties with regard to the obligations which are the subject of this action is strictly limited to the terms of the applicable documents (i.e. the note and mortgage):

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> > (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> >
> > (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

9

>   (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

M.C.L. §566.132(2); *Crown Technology Park v. D & N Bank*, 242 Mich. App. 538, 551; 619 N.W.2d 66, 72 (2000).

Significantly, M.C.L. §566.132(2) bars any action that Plaintiff may seek to bring based on the allegations set forth in the Complaint. In *Crown Tech Park, supra,* plaintiff sued defendant bank for promissory estoppel and negligence, alleging that the bank refused to honor an oral agreement that a promissory note could be prepaid without a penalty. The Michigan Court of Appeals reversed the trial court's denial of the bank's motion for summary disposition, holding that the plain language of MCL §566.132(2) barred plaintiff's promissory estoppel claim because it was based on an alleged oral promise by the bank's loan officer to waive the prepayment penalty. The Court also held that plaintiff's negligence claim, which was related to the promissory estoppel claim, was also barred by the statute of frauds.

In so holding, the Court observed that M.C.L. § 566.132(2) expressly provides that:

> [a]n action *shall not be brought against a financial institution* to enforce [a promise or commitment to waive a provision of a loan] unless the promise or commitment is in writing and signed with an authorized signature by the financial institution (emphasis supplied). This language is unambiguous. It plainly states that a party is precluded from bringing a claim--no matter its label--against a financial institution to enforce the terms of an oral promise to waive a loan provision.

*Id*. at 550.

The Michigan Court of Appeals also made clear that its ruling applied to all actions predicated on unwritten promises regardless of the nature of the claim, stating:

> [A]s we noted above, the Legislature used the broadest possible language in M.C.L. § 566.132(2); MSA 26.922(2) to protect financial institutions by not specifying the types of "actions" it prohibits, eliminating the possibility of creative pleading to avoid the ban.

*Id*. at 551.

M.C.L. § 566.132(3) defines "financial institution" to mean "a state or national chartered bank, a state or federal chartered savings bank or savings and loan association, a state or federal chartered credit union, a person licensed or registered under the mortgage brokers, lenders, and servicers licensing act … or an affiliate or subsidiary thereof." Both HSBC and Wells Fargo are national banking institutions. As such, Defendants are "financial institutions" for purposes of M.C.L. 566.132(2).

Thus, absent the existence of an agreement signed by an authorized representative of HSBC and/or Wells Fargo confirming a modification of the terms of the note and/or mortgage or other financial accommodations, Plaintiff was obligated to pay the amounts due and owing under the mortgage upon his default. There being no such agreement, HSBC and Wells Fargo were under no legal obligation to forbear from exercising the rights and remedies provided for in the mortgage, including, without limitation, foreclosure by advertisement.

The subject matter of all of the alleged discussions between the parties and their counsel regarding reinstatement and/or modification of Plaintiff's mortgage falls squarely within the express language of MCL §566.132(2)(b) and (c). Plaintiff cannot, therefore, establish any likelihood of success on the merits of his claims because they are barred as a matter of law under the statute of frauds. Accordingly, Plaintiff's motion should be denied.

### 2. Plaintiff Has Not Established Irreparable Harm

When determining the propriety of a preliminary injunction, the Court must also consider whether the moving party has demonstrated that he will suffer *immediate and irreparable harm* unless the preliminary injunction issues. Although the term is difficult to define, a useful characterization of "irreparable injury" is found in Judge Pratt's Opinion in *Merrill, Lynch,*

*Pierce, Fenner & Smith, Inc. v. E.F. Hutton & Co., Inc.,* 403 F. Supp. 336, 343 (E.D. Mich. 1975), where Judge Pratt stated:

> Basically, the concept of irreparable injury turns upon the inadequacy of compensatory damages. . . . The moving party must demonstrate a non-compensable injury, for which there is no legal measure of damages, or none that can be determined with a sufficient degree of certainty. The injury must be both certain and great; it must be actual, and not merely theoretical. (Citations omitted).

Thus, to be considered "irreparable," the harm alleged must not be capable of being compensated through an award of damages. *Wagner Elec. Corp. v. Hydraulic Brake Co.,* 269 Mich. 560, 565 (1934). An injunction should be denied where an award of money at the conclusion of the case will adequately compensate the plaintiff for any proven loss. *Schwartz v. Ruehs*, 348 Mich. 680, 683 (1967) (". . . where there is an adequate and complete remedy at law, a court of equity will not take jurisdiction"). Proving irreparable harm is, and should be, a heavy burden.

In this case, Plaintiff alleges that he will lose his home if the statutory redemption period is not extended. Even if this is true, the real events that Plaintiff seeks to avoid – default and acceleration of the mortgage debt and the corresponding sheriff's sale - have already come to pass. To the extent Plaintiff was not and is still unable to tender the necessary funds to keep his home, it certainly cannot be said that such harm has been caused by Defendants actions or that Plaintiff's personal hardship warrants the imposition of an injunction. For these reasons, too, Plaintiff's motion should be denied.

### 3. Plaintiff Has Failed To Establish That The Balance Of Equities Weighs In Favor Of An Injunction

Before granting an injunction, a court must also balance the relative hardship to each party before granting injunctive relief. In this case, Plaintiff's motion offers no justification for the relief sought, other than to appeal to the Court's sympathy and suggest that Defendants'

exercise of their contractual and statutory rights to recover the loan balance will cause the Plaintiff hardship.  This plainly is not enough to enjoin Defendants from exercising their legal rights to recover the collateral securing Plaintiff's loan.

### 4. Plaintiff Has Failed To Establish That The Public Interest Will Be Served By The Requested Injunction

Public policy also weighs against the issuance of the requested injunction.  The Complaint makes clear that this action involves nothing more than an attempt by Plaintiff to delay the conclusion of foreclosure proceedings that fully comport with applicable state law.  In an attempt to preserve his own self-interests, Plaintiff hopes to deny HSBC's superior right to the property.  Plaintiff has offered nothing to establish that the interest of Michigan's residents would best be served through judicial interference with mortgage lenders who have done nothing wrong.  To the contrary, this Court could deal a serious blow to the mortgage loan market in Michigan should contractual certainty be lost through arbitrary enforcement of otherwise legal and enforceable loan provisions and remedies.  This factor also decidedly weighs in favor of Defendants and against Plaintiffs in this case.

### CONCLUSION AND RELIEF REQUESTED

For all of these reasons, Defendants request that this Honorable Court deny Plaintiff's motion in its entirety.

        s/Charity A. Olson_____
        Matthew J. Boettcher (P40929)
        Charity A. Olson (P68295)
        PLUNKETT COONEY
        Attorneys for Defendants
        38505 Woodward Ave., Suite 2000
        Bloomfield Hills, MI  48304

                        (248) 901-4035  
                        (248) 901-4018  
                        colson@plunkettcooney.com

Dated: July 23, 2009

PROOF OF SERVICE

I, Charity A. Olson, hereby certify that on July 23, 2009, a copy of Defendants' Response Opposing Plaintiffs' Motion for Preliminary Injunction, for Charity A. Olson, as counsel in this case for the Defendants, was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                        Curtis R. Willner (P48010)  
                        Attorney for Plaintiff  
                        curtwillner@yahoo.com

                        s/Charity A. Olson  
                        Charity A. Olson (P68295)  
                        PLUNKETT COONEY  
                        Attorneys for Defendants  
                        38505 Woodward Ave., Suite 2000  
                        Bloomfield Hills, MI  48304  
                        (248) 901-4035  
                        (248) 901-4018  
                        colson@plunkettcooney.com

Blmfield.17807.92185.1139881-1